McBRIDE, Judge.
Plaintiff claims there is due him an in•debtedness of $175.67 on an open account representing merchandise sold and delivered defendant which consisted of sheets or pieces of a product called Panelyte; the chief defense is that defendant, who desired to cover his bar with Formica, a burn and stain resistant material, invited plaintiff to submit a bid for such material and that in due course color samples, etc., were submitted to him, and that he gave plaintiff an order believing he would receive Formica, the material he desired.
After a trial in the court below there was judgment as prayed for, and defendant has perfected this appeal.
The evidence shows that plaintiff personally called at defendant’s business establishment, and in the presence of defendant’s son, after exhibiting a number of samples, was given an order by the defendant for a stipulated quantity of Panelyte, the product which plaintiff handles. The defendant’s son, a draftsman, wrote the order which specifically calls for “Panelyte.” Two days thereafter some of the material was delivered and on the box containing it in large letters appeared the printed word "Panelyte.” The defendant himself receipted for the delivery. When delivery of the remaining portion of the order was attempted within a few days thereafter, defendant refused to accept the merchandise assigning as the reason for his action that he had ordered “Formica.”
We have no doubt that defendant well knew that he had ordered Panelyte. In addition to the above evidence, the fact appears also that at the inception of the negotiations defendant was furnished with a circular or pamphlet issued by the manufacturer of Panelyte setting forth the nature of the product, the uses to which it could be put, and the colors in which it could be obtained.
Defendant also insists that the material delivered by plaintiff was not suitable for the purpose intended in that it could not be cut by a saw without chipping. The testimony produced by defendant on this point is not convincing, and it seems more than a mere possibility that the fault lay with defendant’s carpenter. ■
*282 This case presents only questions of fact, and the trial court, after hearing the witnesses testify and weighing their testimony, concluded that the evidence produced by plaintiff was the most worthy of belief and resolved all factual issues in his favor. We not only find no manifest error in the judgment, but we think the record as a whole tends to support plaintiff’s position.
Defendant contends, in the alternative, that if the judgment against him is to be affirmed, he should be allowed credit in the amount of $25, representing the salvage value of the Panelyte which plaintiff still retains in his possession. We do not think defendant is entitled to any such credit as plaintiff is holding the merchandise for defendant’s account.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.